PER CURIAM.
Charles R. Ingram petitions for a writ of mandamus directing the Family Court of Jefferson County to dismiss the nonsupport complaint filed against Ingram and to bar further prosecution of him under the criminal-nonsupport statute, § 13A-13-4, Ala.Code 1975. We grant the petition.
On June 1, 1998, Dorothy Ingram initiated a criminal-nonsupport action, pursuant to § 13A-13^1, in the Family Court of Jefferson County, against Charles R. Ingram. She alleged in her complaint that she was a “dependent spouse,” when in fact she and Charles R. Ingram had been divorced on February 25, 1991. The final judgment of divorce had awarded Dorothy Ingram periodic alimony in the amount of $1,000 per month. No children were born of the marriage.
Subsequently, the family court issued a warrant for Charles Ingram’s arrest, and he was arrested and jailed. He was released from custody after making bond, because, the materials before us indicate, he is “disabled and the jail is unable to accommodate him.” Ingram moved to dismiss the nonsupport complaint on the grounds that the family court lacks jurisdiction over this cause because he and Dorothy Ingram are divorced and they have no minor children.
The criminal-nonsupport statute, § 13A-13-4, provides:
“(a) A man or woman commits the crime of nonsupport if he or she intentionally fails to provide support which that person is able to provide and which *389 that person knows he or she is legally obligated to provide a dependent spouse or child less than 19 years of age.”
Charles Ingram points out that this nonsupport statute had its genesis in the vagrancy laws of Alabama. Those laws made it a crime for a husband to abandon his wife, thereby leaving her at risk of becoming a public charge. The State’s interest in matters of spousal support is to protect the public, not to enforce alimony obligations.
We agree with the petitioner that the writ must issue. Dorothy Ingram’s remedy is to pursue enforcement of alimony obligations through the circuit court and its contempt power, not in the family court through a criminal action brought on her behalf by the State. §§ 12-15-12, 30-2-51. The family court has no jurisdiction here, because Dorothy Ingram is not a “dependent spouse.” See § 13A-13-4, Ala.Code 1975.
The Jefferson Family Court is directed to dismiss the nonsupport complaint filed against Charles R. Ingram and, further, to enter an order barring prosecution of him under the criminal-nonsupport statute. § 13A-13-4, AIa.Code 1975.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.